# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAM CELINO SR., ET AL. | CIVIL ACTION |
| VERSUS | No. 20-2298 |
| BIOTRONIK, INC., ET AL. | SECTION I |

## ORDER

Before the Court is defendant Biotronik, Inc.'s ("Biotronik") motion[1] to dismiss the plaintiffs' ("the Celinos") only remaining claim—that of a defective design under the Louisiana Products Liability Act—as asserted in their Third Amended Complaint.[2] While the Third Amended Complaint includes allegations apparently directed towards other claims, the Court dismissed those claims with prejudice in an earlier Order and Reasons, making clear that, moving forward, it would only consider the Celinos' design defect claim.[3]

The Court has set forth the factual background of this matter in detail in an earlier opinion.[4] It has also described at length the difficulties posed by the manner in which plaintiffs' counsel has hampered the resolution of this litigation.[5] It will not do either of those things for a second time.

---

[1] R. Doc. No. 50.
[2] R. Doc. No. 44. The Celinos' labeled the relevant amended complaint "Third Amended Complaint for Damages Products Liability"—despite never having filed any Second Amended Complaint. To avoid confusion, the Court will refer to the document as the Third Amended Complaint.
[3] R. Doc. No. 42, at 40.
[4] *See generally id.*
[5] *See, e.g., id.* at 2; *id.* at 24–25 n.50.

1

Biotronik argues generally that the Celinos have once again failed to state a claim for relief under the LPLA and that, even if they have, the claim is preempted by the Medical Devices Amendments of 1976 ("MDA") to the Food, Drug, and Cosmetic Act ("FDCA").

The Court finds the Celinos' pleadings—once again—to be frustratingly vague and logically inconsistent with each other. Simply put, the Court is skeptical that the Celinos' attorney actually has "information and belief" to support each of the allegations made on such grounds in the Third Amended Complaint. That is a problem.

But it is not a problem that merits the granting of a motion to dismiss. As the Court noted in its earlier opinion, Fifth Circuit precedent counsels against the dismissal of LPLA design defect claims based on anything other than the most conclusory of allegations.[6] And, despite the dubious nature of the allegations contained in the Celinos' Third Amended Complaint, they do set forth at least two alleged design defects with adequate detail—and the parties have not adequately briefed the appropriate pleading standard for asserting a parallel claim supported by allegations of fraud that is not a substantive fraud claim. Therefore,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.

New Orleans, Louisiana, July 7, 2021.

								  **LANCE M. AFRICK**
								**UNITED STATES DISTRICT JUDGE**

---

[6] *See id.* at 26–27 (gathering cases).