UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAM CELINO SR., ET AL. | CIVIL ACTION |
| VERSUS | No. 20-2298 |
| BIOTRONIK, INC., ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is defendant Biotronik, Inc.'s ("Biotronik") unopposed motion[1] for summary judgment as to the plaintiffs' ("the Celinos") only remaining claim—that of a defective design under the Louisiana Products Liability Act ("LPLA")—as asserted in their Third Amended Complaint.[2] While the Third Amended Complaint includes allegations apparently directed towards other claims, the Court dismissed those claims with prejudice in an earlier Order and Reasons, making clear that, moving forward, it would only consider the Celinos' design defect claim.[3]

During a June 28, 2021 status conference, the Court ordered the plaintiffs to file their opposition, if any, to Biotronik's forthcoming summary judgment motion no later than July 13, 2021. Counsel for the plaintiffs did not object to that deadline or indicate that it was unclear. And no opposition—or any motion for a continuance— has been received. Accordingly, the Court treats the motion as unopposed.

---

[1] R. Doc. No. 61.
[2] R. Doc. No. 44. The Celinos labeled the relevant amended complaint "Third Amended Complaint for Damages Products Liability"—despite never having filed any Second Amended Complaint. To avoid confusion, the Court will refer to the document as the Third Amended Complaint.
[3] R. Doc. No. 42, at 40.

1

The Court has set forth the factual background of this matter in detail in an earlier opinion.[4] It has also described at length the difficulties posed by the manner in which plaintiffs' counsel has hampered the resolution of this litigation.[5] It will not do either of those things for a second time.

In relevant part, Biotronik argues that summary judgment is appropriate because the Celinos have failed to come forward with any evidence in support of their claim. The Court agrees.

The Celinos, as plaintiffs, will bear the burden of proof as to the elements of their claim at trial. This means that—once Biotronik has pointed to the absence of a dispute of material fact, which it has more than done—the Celinos "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

To prove a design defect claim under the LPLA, the Celinos must show that: "(1) [t]here existed an alternative design for the product that was capable of preventing [Barbara Celino's] damage; and (2) [t]he likelihood that the product's design would cause [Barbara Celino's] damage and the gravity of that damage outweighed the burden on [Biotronik] of adopting [the] alternative design and the adverse effect, if any, of such alternative design on the utility of the product." *Johnson v. Teva Pharms. USA, Inc.*, 758 F.3d 605, 612 (5th Cir. 2014) (quoting La.

---

[4] *See generally id.*
[5] *See, e.g., id.* at 2; *id.* at 24–25 n.50.

Stat. § 9:2800.56). "The occurrence of an injury does not give rise to the presumption that the design was unreasonably dangerous." *Fuller v. Eisai, Inc.*, No. 20-1675, ___ F. Supp. 3d ___, 2021 WL 149122, at *4 (E.D. La. Jan. 15, 2021) (Africk, J.) (quoting *Rivers v. Remington Arms Co.*, No. 17-17124, 2018 WL 746392, at *4 (E.D. La. Feb. 7, 2018) (Africk, J.)).

As noted, "Louisiana law does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred." *Couturier v. Bard Peripheral Vascular, Inc.*, No. 19-12497, ___ F. Supp. 3d ___, 2021 WL 2885903, at *6 (E.D. La. July 9, 2021) (Lemelle, J.) (citing *Ashley v. General Motors Corp.*, 666 So. 2d 1320, 1320 (La. Ct. App. 1996)). Accordingly, the Fifth Circuit has concluded that a plaintiff *must* come forward with evidence of an alternative design to survive summary judgment, and that any other result would "disregard the requirements of the LPLA." *Theriot v. Danek Med., Inc.*, 168 F.3d 253, 256 (5th Cir. 1999); *see also Ditmar Hosp. v. Hartford Ins. Co.*, 239 F.3d 365, 365 (5th Cir. 2000) ("Showing that injury resulted from a product is not sufficient to avoid summary judgment under the LPLA."). Simply put, "[i]f a plaintiff fails to present evidence of an alternative design, then he cannot prevail on a design defect claim." *Shepard v. Johnson & Johnson*, No. 17-1604, 2019 WL 5585001, at *3 (W.D. La. Oct. 29, 2019) (citing *Reynolds v. Bordelon*, 172 So. 3d 607, 614, 614 n.19).

The Court doubts that evidence in the record creates a genuine issue of material fact as to any of the elements of the Celinos' claim. At a minimum, the Court is aware of no evidence establishing the existence of a potential alternative design—

3

and the Celinos have the burden to identify such evidence.  That alone is fatal to their claim.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED AS UNOPPOSED**; the Celinos' remaining LPLA claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 15, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**