## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SAM CELINO SR., ET AL.                    CIVIL ACTION

VERSUS                                          No. 20-2298

BIOTRONIK, INC., ET AL.                     SECTION I

### ORDER AND REASONS

Before the Court is the plaintiffs' motion[1] for reconsideration of this Court's July 15, 2021 order[2] granting defendant Biotronik's motion for summary judgment as unopposed. Plaintiffs request that the Court vacate the judgment[3] in this case, and permit plaintiffs to file their statement of contested facts and opposition to defendant Biotronik's motion for summary judgment.[4] The defendant opposes the motion.[5] For the reasons that follow, the motion is denied with prejudice.

### I.

The Court has set forth the factual background of this matter in detail in earlier orders.[6] As relevant to the motion presently under consideration, the Court held a telephonic status conference[7] on June 28, 2021, with counsel for all parties participating. During the conference, the Court became aware that defendant Biotronik would be filing a motion for summary judgment regarding the remaining

---

[1] R. Doc. No. 66.
[2] R. Doc. No. 64.
[3] R. Doc. No. 65.
[4] R. Doc. No. 66.
[5] R. Doc. No. 68.
[6] R. Doc. Nos. 42, 62.
[7] R. Doc. No. 60.

claim in this case. The Court stated, and reiterated in an order[8] issued the same day, that defendants were to submit their motion for summary judgment no later than July 6, 2021, and that plaintiffs were to submit their opposition to such a motion, if any, no later than July 13, 2021. Plaintiffs' counsel did not object to these deadlines during the status conference.

Defendant Biotronik filed its motion[9] for summary judgment on July 6, 2021. Plaintiffs did not file a response. On July 15, 2021, the Court granted the motion for summary judgment as unopposed and dismissed plaintiffs' claims with prejudice.[10]

On August 12, 2021 – thirty days after the deadline for plaintiffs' opposition to the motion for summary judgment – plaintiffs filed their motion[11] for reconsideration, requesting that the Court vacate the judgment entered on July 15, 2021 and permit the plaintiffs to file their opposition to the defendant's motion for summary judgment. The plaintiffs' motion for reconsideration states that "one week was a brief and short deadline for plaintiffs to comply and plaintiffs [sic] counsel did not have sufficient time to comply with the deadline," and that "plaintiffs [sic] counsel was ill."[12]

As noted above, plaintiffs' counsel did not raise any concerns about the deadlines during the status conference at which the deadlines were set, and indeed, counsel's sole communication with the Court regarding illness or the relevant deadlines is the August 12, 2021 motion currently before the Court.

---

[8] *Id.*
[9] R. Doc. No. 61.
[10] R. Doc. Nos. 64, 65.
[11] R. Doc. No. 66.
[12] *Id.*

Plaintiffs also filed a two-page memorandum[13] in support of their motion, which merely restates the plaintiffs' request for relief and recites excerpts from the Federal Rules of Civil Procedure, without providing any argument as to why relief is warranted under the cited rules. As such, the motion for reconsideration is deficient under Local Rule 7.4, which requires a contested motion to be accompanied by a memorandum containing a "statement of reasons supporting the motion" in addition to "citations of authorities." This deficiency alone would be a sufficient basis for the Court to deny plaintiffs' motion. The Court is not typically in the practice of supplying arguments that parties do not themselves raise. Indeed, the Court has previously admonished the plaintiffs that it will not construe their pleadings liberally, as it would for a *pro se* party, because plaintiffs have retained counsel, and it is counsel's responsibility to advocate for her clients.[14] Nevertheless, the Court will set forth the reasons that plaintiffs would not have prevailed on the present motion for reconsideration, even if they had submitted a compliant memorandum.

## II.

Plaintiffs style their request for relief as a "Motion for Reconsideration[15] Pursuant to FRCP Rule 60 and FRCP Rule 59," and specifically cite to Rules 59(a)(2),

---

[13] R. Doc. No. 66-1.

[14] R. Doc. No. 42 at 2, n. 5.

[15] Although there is no "motion for reconsideration" under the Federal Rules of Civil Procedure, the Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion pursuant to either Rule 59(e) or Rule 60(b). *See, e.g.*, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). And, indeed, because plaintiffs have invoked Rules 59 and 60, the Court will treat their motion as pursuant to such rules.

59(e), and 60(b). For the reasons that follow, plaintiffs may only seek relief under Rule 59(e).

First, the plaintiffs' request for relief pursuant to Rule 59(a)(2)[16] is easily dispensed with: by its own text, Rule 59(a)(2) explicitly pertains to judgments arising from "nonjury trial[s]." Because no such trial has occurred here, plaintiffs may not seek relief under this provision.

Plaintiffs also invoke Rules 59(e) and 60(b) as bases for relief.[17] The difference in the applicability of these two rules "is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e) . . . However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b)." *Thompson v. Dep't of the Interior United States*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018) (Barbier, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). Because plaintiffs filed their motion to reconsider on August 12, 2021, which is twenty-eight days after the entry of judgment on July 15, 2021, the motion is properly considered under Rule 59(e).

## III.

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper*

---

[16] R. Doc. No. 66-1 at 2.
[17] *Id.* at 1–2.

*Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks omitted). "A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly." *Flynn v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (Vance, J.). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co., v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court has considerable discretion to grant or deny a Rule 59(e) motion. *See id.*

To prevail on a Rule 59(e) motion, the moving party must satisfy at least one of the following criteria: "(1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Theriot v. Brit Sys., Inc.*, No. CV 11-1995, 2013 WL 12238852, at *1 (E.D. La. Apr. 23, 2013) (Africk, J.) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)).

The plaintiffs' sparse memorandum supplies no basis for relief under these criteria. First, plaintiffs have not identified, nor is the Court aware of, any "manifest

errors of law or fact" upon which the judgement rests. Second, plaintiffs have not presented new evidence.[18]

Third, plaintiffs have not argued that the motion is not necessary to prevent manifest injustice. However, even if plaintiffs had actually raised a "manifest injustice" argument in their memorandum, it would be unavailing. As noted above, the present motion, filed on August 12, 2021, is the plaintiffs' first communication with the Court since the deadline at issue was set on June 28, 2021. Plaintiffs' counsel made no attempt to inform the Court of illness or any other situation that may have rendered counsel unable to meet the stated deadline. "[T]he negligence or erroneous strategy choices of a party's attorney or the party herself, which contributed to the court's dismissal of the party's claims, do not amount to manifest injustice." *Courtade v. Harrah's Operating Co.*, No. 10-4036, 2011 WL 2446454, at *4 (E.D. La. June 15, 2011) (Wilkinson, M.J.). There is no manifest injustice where "a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Id.* (quoting *Fox v. Am. Airlines,* 389 F.3d 1291, 1296 (D.C. Cir. 2004)).

Finally, plaintiffs do not argue that any intervening change in controlling law has arisen, nor is the Court aware of any such development.

---

[18] Plaintiffs appended several exhibits to their motion, in support of the memorandum opposing summary judgment which they presently seek leave to file. The exhibits include medical records dated April 2019, a death certificate dated July 2019, and a medical journal from 2016. R. Doc. Nos. 66-5, 66-6, 66-7. Plaintiffs may not base a Rule 59(e) motion on the submission of evidence that was available, and should have been submitted, prior to the judgment at issue. *See, e.g.*, *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 309 (5th Cir. 2020).

In sum, plaintiffs have not supplied, nor has the Court identified, any reason lawful why the extraordinary remedy of relief pursuant to Rule 59(e) should be granted.

## IV.

In closing, the Court states again that the present order is not the first instance in which the Court has expressed dissatisfaction with plaintiffs' counsel's prosecution of this case.[19] The Court cannot and will not speculate regarding the likelihood that plaintiffs could have eventually prevailed on their remaining claim if their counsel had filed a timely reply to defendant's motion for summary judgment. However, regardless of the ultimate merits of plaintiffs' claims, it is clear that counsel's failure to file a timely reply – and failure to request a deadline extension due to illness – was a serious disservice to her clients. Nevertheless, for the reasons stated above, the extraordinary form of relief requested by plaintiffs is not warranted by fact or law in this case.

## V.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for reconsideration is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' motion[20] for leave to file supplemental exhibits is **DISMISSED as MOOT**.

---

[19] *See, e.g.*, *supra* at 3; R. Doc. Nos. 42, 23.
[20] R. Doc. No. 69.

**IT IS FURTHER ORDERED** that counsel for plaintiffs shall provide the plaintiffs with a copy of this order, and counsel shall certify on the record that she has done so **no later than FRIDAY, OCTOBER 8, 2021**.

New Orleans, Louisiana, September 29, 2021.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**